UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MARTIA MOFFETT                                                                    PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:07cv517 DPJ-JCS

MISSISSIPPI DEPARTMENT OF
MENTAL HEALTH                                                                    DEFENDANT

ORDER

This employment discrimination dispute is before the court on Defendant Mississippi Department of Mental Health's ("DMH") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff Martia Moffett has responded in opposition. The Court, having fully considered the submissions of the parties, concludes that Defendant's motion should be granted.

I.     **Facts and Procedural History**

Plaintiff Martia Moffett, who is African-American, has worked for Defendant in a variety of capacities since September 10, 1990. In 2004, DMH promoted Moffett to a Bureau Director I position, however, she asserts that DMH did not give her the full promotional salary increase. Thereafter, in 2006, DMH promoted Cindy Cooley and Barbara Case, both of whom are white, to Bureau Director I positions, and both women received their full promotional raises. Believing that DMH discriminated against her on account of her race in determining her compensation, Moffett filed a complaint with the Equal Employment Opportunity Commission (EEOC). The EEOC issued Moffett a right to sue letter, and she subsequently filed the present civil action in August 2007. In this suit, Moffett claims that DMH engaged in discriminatory compensation based on race in violation of Title VII, 42 U.S.C. § 2000 *et seq.*, 42 U.S.C. § 1981 and the Equal

Protection Clause of the United States and the Mississippi Constitutions. Complaint ¶ 10.[1]

Defendant has moved for summary judgment as to all of Plaintiff's claims.

**II.     Analysis**

    A.     <u>Summary Judgment Standard</u>

Summary judgment is warranted under Rule 56 (c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgement, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and "identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim." *Fuentes v. Postmaster Gen. of U.S. Postal Serv.*, 282 F. App'x 296, 300 (5th Cir. 2008) (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)).

---

[1] In her Complaint, Plaintiff asserts that Defendant "denied [Plaintiff] equal employment opportunities insofar as it failed and/or refused to promote [Plaintiff], treated whites more favorably than [Plaintiff] in the area of discipline; and otherwise discriminated against them in terms and conditions of their employment." Complaint ¶ 10. During discovery, Plaintiff clarified that her suit is based on her compensation in comparison to Cooley and Case. Defendant treats this case as a disparate pay case in its motion for summary judgment, and Plaintiff does not contest such characterization.

B. <u>Plaintiff's Claims</u>

1. Section 1981 Claim

Defendant submits that § 1981 does not create an independent cause of action against public employers and that any violation of § 1981 may be remedied only through an action under § 1983. *See Crawford v. City of Houston, Tex.*, 260 F. App'x 650, 652 (5th Cir. 2007) ("Section 1981 does not itself create a cause of action against a municipality; rather, a plaintiff complaining of a municipality's violations of § 1981 must assert his claims via § 1983."). Plaintiff does not reference § 1983 in her Complaint, and accordingly, Defendant seeks dismissal of Plaintiff's § 1981 claim against DMH. Plaintiff did not contest this issue in her response, and the Court finds that Defendant's argument is well-taken. *See Meyers v. La Porte Indep. Sch. Dist.*, 277 F. App'x 333, 335 (5th Cir. 2007) (affirming summary judgment where the plaintiff brought her § 1981 claim independently of her § 1983 claim). As such, Plaintiff's § 1981 claim against DMH is dismissed.

2. Equal Protection Claims

In her Complaint, Plaintiff alleges that Defendant's action violated the "Equal Protection Clause of the United States and Mississippi Constitutions." Complaint ¶ 10. Defendant asserts that Plaintiff is required to pursue her Fourteenth Amendment claim under § 1983 and that her failure to plead § 1983 should result in dismissal of this claim. *See Hearth, Inc. v. Dept. of Pub. Welfare*, 617 F.2d 381, 382-83 (5th Cir. 1980) (affirming dismissal of constitutional claim against a state officials where the plaintiff failed to invoke § 1983). Again, Plaintiff did not contest this issue in her response, and the Court finds that Defendant's argument is well-taken. Plaintiff's claims under the Equal Protection Clause are dismissed.

3. Punitive Damages Claim

In this action, Plaintiff seeks to recover "liquidated and punitive damages" from Defendant. Complaint at 5. DMH maintains that, as a government agency, it is exempt from punitive damages. *See Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 465-66 (holding that a Title VII plaintiff is precluded from recovering punitive damages against a government agency) (citing 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision)")); *see also* Mississippi Code Annotated § 11-46-15(2) (barring recovery of punitive damages under the Mississippi Tort Claims Act). Plaintiff has also chosen not to contest this issue in her response, and the Court concludes that Defendant's argument is well-taken.[2]

4. Title VII Claim

Finally, DMH asserts that Plaintiff's Title VII claim should be dismissed because she cannot prove a prima facie case of discriminatory compensation. To establish a prima facie case of discriminatory compensation, Moffett must show (1) that she is a member of a protected class and (2) that she is paid less than a nonmember for work requiring substantially the same responsibility. *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 522 (5th Cir. 2008) (citing *Uviedo v. Steves Sash & Door Co.*, 738 F.2d 1425, 1431 (5th Cir. 1984)); *see Williams v. Galveston Indep. Sch. Dist.*, 78 F. App'x 946, 949 (5th Cir. 2003). In comparing a plaintiff's

---

[2] Defendant further argues that any pendant state law claims are due to be dismissed based on Plaintiff's failure to comply with the notice provisions of the Mississippi Tort Claims Act (MTCA), Mississippi Code Annotated Section 11-46-11. From the Court's review, it does not appear that Plaintiff's Complaint contains any state law claims. Nevertheless, assuming it does, Plaintiff, in her response, does not contest dismissal of such claims for failure to comply with the MTCA, and the Court finds such claims are subject to dismissal.

4

position with a comparator's position, the Court looks to each person's job duties, supervisory authority, and responsibilities. *See Williams*, 78 F. App'x at 949 (citing *Cullen v. Ind. Univ. Bd. of Trs.*, 338 F.3d 693, 700 (7th Cir. 2003); *Uviedo*, 738 F.2d at 1431; *Pittman v. Hattiesburg Mun. Separate Sch. Dist.*, 644 F.2d 1071, 1074 (5th Cir. 1981)). "An individual plaintiff claiming disparate treatment in pay under Title VII must show that his circumstances are 'nearly identical' to those of a better-paid employee who is not a member of the protected class." *Taylor* 554 F.3d at 523 (citing *Little v. Republic Refining Co.*, 924 F.2d 93, 97 (5th Cir. 1991) (holding that to establish a claim of disparate treatment, a plaintiff must show he was treated differently than a comparator under "nearly identical" circumstances )); *see also Dotson v. City of San Antonio*, 177 F. App'x 437, 440 (5th Cir. 2006) (affirming summary judgment for employer on disparate pay claim where the evidence did not raise a genuine question as to whether the plaintiff and the comparator performed "nearly identical jobs"); *Runnels v. Tex. Children's Hosp. Select Plan*, 167 F. App'x 377, 385 (5th Cir. 2006) (affirming summary judgment in favor of employer and applying *Little*'s "nearly identical" standard). Finally, "the job content and actual job requirements, not the job title, classification or description, are determinative." *Montgomery v. Clayton Homes, Inc.*, 65 F. App'x 508 (5th Cir. 2003) (citing *E.E.O.C. v. Hernando Bank, Inc.*, 724 F.2d 1188, 1196 (5th Cir. 1984)).

Moffett compares herself to Cindy Cooley and Barbara Case. The three women each hold Bureau Director I positions, and it is undisputed that Case and Cooley are paid more than Moffett. So, the question is whether Moffett, Case, or Cooley perform nearly identical jobs. *See Taylor*, 554 F. 3d at 523; *Dotson*, 177 F. App'x at 440. Defendant contends that the answer is "no" and attaches the affidavit of Randel Hendrix, the Director of Human Services at the

Ellisville State School where all three are employed. Hendrix provides a bullet-point list of the job duties of each individual.

According to Hendrix, all three women supervise individuals within their department and are responsible for completing performance appraisals on those individuals. Moffett, Cooley, and Case all monitor staff attendance at in-service training sessions and are responsible for compliance with agency policies and procedures. In addition, both Moffett and Cooley are called upon to consider pertinent state and federal regulations. Moffett and Case both bear responsibility for all equipment assigned to their departments and serve on one or more committees as part of their duties.

Nevertheless, there are also significant differences in the positions. For example, Case has budgeting responsibilities, including submission of an annual budget. Moreover, Case, as Director of Community Support Programs, is responsible for monitoring five "Community Support Programs" and must conduct on-site visits to all programs at least once a month. Similarly, Cooley, as Coordinator of Client Services/Nursing Home Administrator, must conduct regular inspections of the residential buildings. Cooley is required to conduct no less than eight visits per month on A & B shifts and two visits per month on C shift. In addition, Cooley is responsible for ensuring that staff coverage is provided in each residential building, monitoring staff schedules to check for shift coverage and minimize overtime use. Cooley also visits or observes auxiliary service staff (i.e., housekeeping, laundry, hospital sitters) on a weekly basis to check for compliance with facility practices. According to the affidavit, Moffett does not have similar monitoring or budgeting duties.

In her response, Plaintiff claims that Case and Cooley are appropriate comparators because "their jobs are not so dissimilar to facilitate comparison." Plaintiff's Response at 12. However, her memorandum fails to cite any record evidence to support this assertion. Plaintiff's *Id*. at 12-13. She therefore fails in her burden to "identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Fuentes*, 282 F. App'x at 300 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.1994)).

Although not referenced in this portion of her memorandum, Plaintiff did attach Hendrix's affidavit [66] to her response, along with her own deposition [62] and the depositions of Suzie Lassiter [64] and Thomas Carter [65]. Technically, the Court was "under no duty 'to sift through the record in search of evidence to support [Plaintiff's] opposition to summary judgment.'" *See id*. (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Nevertheless, the Court made every effort to review these documents on Plaintiff's behalf. Hendrix's affidavit demonstrates that the jobs are different and cannot therefore satisfy Plaintiff's burden. As for the depositions, the Court found no testimony that would create a material question of fact as to whether the positions were nearly identical.

The legal standard for pay claims within the Fifth Circuit is steep, and Plaintiff must meet it with competent record evidence. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Moreover, the Fifth Circuit has "consistently held that an employee's subjective belief of discrimination alone is not sufficient to warrant judicial relief."

7

*Bauer v. Albemarle Corp.*, 169 F.3d 962, 967 (5th Cir. 1999) (citation omitted).

In this case, Hendrix's affidavit is the only evidence before the Court as to these three individuals' job responsibilities. That affidavit demonstrates that the jobs duties are different, and the Court must therefore hold that Plaintiff has failed to meet her burden of showing that her job duties are "nearly identical" to those of Cooley and Case. *See Taylor*, 554 F. 3d at 523; *Dotson*, 177 F. App'x at 440. Plaintiff has failed to make out a prima facie case of disparate treatment in pay, and her Title VII claim is due to be dismissed.

### III. Conclusion

Based on the foregoing, the Court concludes that Defendant's motion for summary judgment should be granted.

IT IS HEREBY ORDERED that Plaintiff's claims are dismissed with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED** this the 23rd day of June, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE